HAUSER v. BERTRAND LADD AND
BURNETT

———

(January 2, 1928.   Opinion and Decree.)

———

(*Syllabus by the Court*)

1.  Louisiana Digest—Landlord and Tenant
(No paragraph);  Error and Mistake—
Par. 2, 8, 17;  Words and Phrases—
Par. —.

Where plaintiff rented a cottage at Bay
St. Louis for the summer season and
paid a rental of $200.00 in advance,
upon the faith of defendants' repre-
sentations that it was a "beach cot-
tage" and when seen by plaintiff for
the first time, it proved to be one hun-
dred and fifty feet from the beach, and,
in the rear of two other houses, he
will be permitted to recover the rental
which he paid in advance, upon the
ground of error and misrepresentation.
The fact that the beach can be seen
from some part of the house and the
house can be reached by a driveway
from the beach, does not justify its de-
scription as a "beach cottage."

Appeal from First City Court.  Hon. W.
Alexander Bahns, Judge.

Action by Dr. George H. Hauser against
Bertrand Ladd and J. D. Burnett.

There was judgment for plaintiff and
defendants appealed.

Judgment affirmed.

J. Grasser and Ulic Burke, of New Or-
leans, attorneys for plaintiff, appellee.

Jesse C. McGee, of New Orleans, attor-
ney for defendant, appellant.

WESTERFIELD, J.   The defendants
leased a cottage at Bay St. Louis for the
summer of 1926.  For some reason they
concluded to sub-lease the property, and,
for the purpose of attracting a tenant,
caused the following advertisement to ap-
pear in the Times-Picayune, a morning
newspaper published in the City of New
Orleans:

"For Rent—Bay St. Louis beach small
cottage, 3 bedrooms, furnished, June 15th
for the season $200.00, phone Walnut
5615-J."

Mrs. Hauser, plaintiff's wife, called Wal-
nut 5615-J and was informed by Mrs.
Burnett, the wife of one of the defendants,
that the property fronted the beach and
was the fourth house from the corner of
St. Charles Street.  Mrs. Hauser was
familiar with the location and after asking
a few questions about bedrooms and other
conveniences agreed to rent the house and
invited defendants to call at her husband's
office and get a check for $200.00, the
rent asked for the house in the adver-
tisement.  The check was sent for and
the property subleased.  Shortly thereafter,
Mrs. Hauser went to Bay St. Louis and
discovered that the house she had rented
was in the rear of two other houses and
was reached by a driveway between the
two houses.  In her own words, the house
was in a back yard.  Mrs. Hauser, who
acted for her husband throughout, there-
upon announced that she would not have
the place as she was not accustomed to
living in anyone's back yard, and demanded
her money back.  Failing to get the money
this suit was instituted in which fraud
and misrepresentation is charged with re-
spect to the location of the rented house
in Bay St. Louis.

Defendants acknowledge their representation, that the cottage was on the beach, and insist that it may be fairly said to be a "beach cottage" as advertised. They base this claim upon the fact that the side gallery affords an unobstructed view of the beach by reason of its fronting on the roadway between the two houses, which are in front of the house leased to plaintiff and nearer to the beach.

They also assert that they were induced to rent the place themselves under exactly similar representations by the owner, in fact, the advertisement which attracted plaintiff is, they say, a copy of one by means of which the owner rented the property to them.

Of course, we are not concerned with the circumstances under which defendants rented the cottage, but only with the sublease by defendants.

We are convinced that plaintiff's wife wanted a cottage fronting the beach and no other and we are also convinced that she was misled by the advertisement, and by the assurances given her by defendants' representatives. To say that a house which is located 150 feet from the beach, and in the rear of two other houses is a "beach cottage" because there is a small opening through which the beach can be seen, and a driveway by means of which it can be reached, is to be guilty of a gross exaggeration, and inconsistent with our idea of the frankness which should characterize a transaction consummated upon the faith of representations of one of the parties alone. Or as it is tersely put "sight unseen."

For the reasons assigned, the judgment appealed from is affirmed.